## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brian Blanch,

                Plaintiff,                Case No. _____

v.

Riverbank Marina, Inc., a Minnesota
corporation, Riverbank Marina,
LLC, a Minnesota entity, Riverbank
Services, Inc., a Minnesota
corporation, Jack Stanhope, Janet
Kokron, Gary Kokron, and Phyllis
Wood-Lasher,

                Defendants.

## COMPLAINT

Plaintiff Brian Blanch, for his Complaint against Riverbank Services, Inc., a Minnesota corporation, Riverbank Marina, Inc., a Minnesota corporation, Jack Stanhope, Janet Kokron, Gary Kokron, and Phyllis Wood-Lasher, states and alleges as follows:

### PRELIMINARY STATEMENT

1.     This case arises from the Defendants' failure to pay wages and overtime in accordance with federal and state law, and Defendants' discriminatory employment practices in violation of federal and state law.

2.     This action is also brought as an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, ("FLSA") for failure to pay federally mandated wages and overtime compensation.

1

3.     This action is also brought to remedy violations of Minnesota state law, including but not limited to the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. ("MFLSA"), and the supporting regulations.

4.     This action is also brought to remedy age discrimination violations, under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq.

5.     Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of rights established by federal and state law.

## PARTIES

6.     Plaintiff Brian Blanch ("Plaintiff") is an individual residing in the State of Minnesota.

7.     Defendant Riverbank Services, Inc. is a Minnesota corporation with its principal place of business in Lake of the Woods County, Minnesota.

8.     Defendant Riverbank Marina, Inc. is a Minnesota corporation with its principal place of business in Lake of the Woods County, Minnesota.

9.     Defendant Riverbank Marina, LLC is a Minnesota entity with its principal place of business in Lake of the Woods County, Minnesota.

10.     As their actions and inactions relate to this action, Defendants Riverbank Marina, Inc., Riverbank Marina, LLC, Riverbank Services, Inc., Jack Stanhope, Janet Kokron, Gary Kokron, and Phyllis Wood-Lasher conduct business within the State of Minnesota in Lake of the Woods County, Minnesota.

11.     Riverbank Services, Inc., Riverbank Marina, Inc., and Riverbank Marina, LLC each have a registered office address located in the city of Baudette, Lake of the Woods County, Minnesota.

12.     Each of Plaintiff's causes of action arises from the actions and inactions of Riverbank Marina, Inc., Riverbank Marina, LLC, Riverbank Services, Inc., Jack Stanhope, Janet Kokron, Gary Kokron, and Phyllis Wood-Lasher (collectively "Defendants") in Lake of the Woods County, Minnesota.

## JURISDICTION & VENUE

13.     This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. and under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Therefore this Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

14.     This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, as Plaintiff's state and federal claims derive from a common nucleus of operative facts.

15.     Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendants reside and operate in this District and because all events giving rise to the claims occurred in this District.

## FACTS

16.     Plaintiff is a former employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and Minn. Stat. § 177.23, 177.24, and other applicable laws.

17.    Plaintiff was employed by Defendants within the three years prior to the filing of this lawsuit.

18.    Defendants own and/or operate a marina, bait shop, campground, and food, beverage, and concessions business located in Lake of the Woods County, in the State of Minnesota.

19.    Defendants, and each of them, are "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et seq.

20.    Defendants, and each of them, have been and continue to be an "employer" within the meaning of the Minnesota Wage Laws, specifically Minn. Stat. §§ 177.23 and 177.24. Defendants have employed "employees," including Plaintiff, within the meaning of the Minnesota Wage Laws, and specifically Minn. Stat. § 177.23.

21.    Plaintiff was induced to work for Defendants by the promise of an eventual ownership interest in Defendants' corporate/legal entities.

22.    Plaintiff was further induced by said promise to enter into a purported contract of employment (the "employment agreement"), which required that Plaintiff perform "services" as an employee of Defendants, with the term "services" defined in the purported agreement as follows:

> "[A]ll activities necessary to and associated with the daily operation of the marina, including but not limited to groundskeeping (lawn mowing, snow removal, etc.), building and equipment maintenance, dock maintenance, sales, customer service, and such other duties as Riverbank Marina or its officers may from time to time assign to [Plaintiff]."

4

23.     Plaintiff performed the general laborer and groundskeeping work for Defendants.

24.     The purported agreement also called for payment to Plaintiff as follows: $1,000.00 per month from June 2018 through October 2018, along with housing and basic utilities. The purported agreement then called for a reduction to $500.00 per month, for the same services, from November 1, 2018 to December 31, 2018. Under the "employment agreement," the amount of cash remuneration due to Plaintiff was apparently set to become lower at specific intervals over the next several years.

25.     Defendants never intended to adhere to the terms of the "employment agreement" and merely used the "employment agreement" to unlawfully induce Plaintiff to work as an employee of Defendants without proper pay.

26.     Defendants continued to allow Plaintiff to work as an employee. Defendants advised Plaintiff on or about August 3, 2018 that the "employment agreement" was, and always was, invalid and unenforceable.

27.     Based solely upon Defendants' illusory and manipulative promise of future ownership of the defendant entities, Plaintiff signed the "employment agreement," promising to perform basic, non-administrative, non-exempt laborer services, as directed by Defendants.

28.     Notwithstanding the execution of the "employment agreement," Defendants were at all relevant times obligated to pay Plaintiff minimum wage, at a minimum, and overtime wages for hours worked in excess of forty (40) hours under federal law and forty-eight (48) hours under Minnesota law.

29.     Plaintiff began working for Defendants during November of 2017.

30.     Plaintiff provided notice of his intent to resign his employment on or about August 20, 2018. Plaintiff's last day of work for Defendants was completed on or about September 10, 2018.

31.     From November of 2017 through September of 2018, Plaintiff worked a total of at least 1,864 hours, as follows: at least (a) 80 hours in November of 2017; (b) 80 hours in December of 2017; (c) 80 hours in January of 2018; (d) 80 hours in February of 2018; (e) 80 hours in March of 2018; (f) 80 hours in April of 2018; (g) 348 hours in May of 2018; (h) 297 hours in June of 2018; (i) 338 hours in July of 2018; (j) 314 hours in August of 2018; and (k) 87 hours in September of 2018.

32.     From November 2017 through September of 2018, Plaintiff was compensated by Defendants as follows: (a) $1,000.00 per month from June 2018 through August 2018; and (b) housing and utilities. Defendants paid Plaintiff only a few hundred dollars in September of 2018. Together, this payment structure resulted in compensation to Plaintiff below Minnesota's minimum wage.

33.     Plaintiff received no compensation from November of 2017 through May of 2018 aside from housing.

34.     Defendants misclassified Plaintiff as an exempt employee.

35.     Plaintiff regularly worked in excess of forty (40) hours per week and in excess of forty-eight (48) hours per week.

36.     Defendants failed to pay Plaintiff overtime wages as required by state and federal law.

6

37.     Defendants knew, or should have known, that Plaintiff performed work that required overtime pay.

38.     Despite these facts, Defendants knowingly and willfully permitted Plaintiff to work more than forty (40) hours per week without paying him proper overtime compensation for all hours worked beyond forty (40) hours.

39.     Defendants failed to properly and accurately record, report, and/or preserve records of all hours worked by Plaintiff to precisely determine his wages and hours worked.

40.     Plaintiff worked more than forty (40) hours per week (under federal law) and more than forty-eight (48) hours per week (under Minnesota law), and was deprived of the overtime wages he was guaranteed by law.

## COUNT ONE

### UNPAID OVERTIME COMPENSATION

### (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

41.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

42.     The FLSA, 29 U.S.C. § 201, et seq., requires employers to pay employees for hours worked in excess of forty (40) hours in an individual workweek at a rate no less than one and one-half (1-1/2) times their regular hourly rate of pay.

43.     Plaintiff consistently worked more than forty (40) hours per week for Defendants.

44.     Plaintiff is not exempt from the FLSA's overtime provisions.

45.     Under the FLSA's regulations, the term "regular rate" is defined to include all remuneration for employment whether derived from hourly rates, piece rates, production bonuses or other sources, and the overtime provisions of the FLSA cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. 29 C.F.R. § 778.500(a).

46.     Under Defendants' compensation plan, Plaintiff was paid an artificially low regular rate because the "employment agreement" promised Plaintiff only $1,000.00 monthly, without regard for overtime compensation, and because Plaintiff was not paid for all work and was not paid appropriate overtime wages.

47.     Upon information and belief, when factoring together the promised stock award, Defendants' "employment agreement" with Plaintiff establishes a regular rate of pay of at least twenty dollars ($20.00) per hour.

48.     Upon information and belief, if the promised stock award contained in the "employment agreement" is not used to determine Plaintiff's regular rate of pay, then the "employment agreement" promises Plaintiff a wage well below the federal and state minimum.

49.     Defendants never intended to grant Plaintiff an award of stock under their own "employment agreement."

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

51.    Defendants also violated the FLSA by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, thus failing to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment.

52.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

## COUNT TWO

## UNPAID OVERTIME COMPENSATION

### (Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 et seq.)

53.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

54.    Plaintiff was an employee of Defendants within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

55.    Upon information and belief, Defendants enjoy annual sales or business done in excess of $500,000.00 and are thus "large employers" within the meaning of Minn. Stat. § 177.24.

56.    The Minnesota Wage Laws and specifically Minn. Stat. § 177.25 required employers such as Defendants to pay overtime compensation to all non-exempt employees who work more than forty-eight (48) hours in a work week.

9

57.     Plaintiff worked more than forty-eight (48) hours per week for Defendants, but did not receive proper overtime pay.

58.     Defendants willfully failed and refused to pay Plaintiff proper overtime wages for hours worked in excess of forty-eight (48) each week.

59.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.

60.     Plaintiff seeks damages in the amount of his due and owing overtime wages for all hours worked in excess of forty-eight (48) per work week, his costs and attorneys' fees incurred herein, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the court deems proper.

## COUNT THREE

## FAILURE TO MAINTAIN RECORDS

### (Minn. Stat. § 177.30)

61.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

62.     Pursuant to Minn. Stat. § 77.30, employers are required to make and keep records as delineated therein, including but not limited to:

      a.     the name, address, and occupation of each employee;

      b.     the rate of pay, and the amount paid each pay period to each employee;

      c.     the hours worked each day and each work week by the employee.

63.     Defendants' actions in violating the above statute were willful and not the result of mistake or inadvertence.

64.     As a direct result of Defendants' unlawful conduct, Plaintiff have suffered damages in an amount to be determined at trial.

## COUNT FOUR

### FAILURE TO PROPERLY PAY WAGES

### (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

65.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

66.     Defendants wrongfully and repeatedly withheld amounts from Plaintiff's wages unlawfully and without authorization.

67.     Plaintiff worked for Defendants and was paid less than the federal or state minimum wage for some or all hours worked.

68.     As a result of the foregoing, Plaintiff is entitled to all amounts unlawfully deducted, withheld, or otherwise not paid, statutory penalties for late payment of wages, other statutory and/or punitive damages, and for his costs and attorneys' fees incurred in this matter.

## COUNT FIVE

### FAILURE TO PROPERLY PAY WAGES

### (Minn. Stat. §§ 181.13)

69.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

70.     Defendants wrongfully and repeatedly withheld amounts from Plaintiff's wages without prior written authorization in violation of Minn. Stat. § 181.79.

11

71.    Upon termination of his employment, Defendants wrongfully refused to pay Plaintiff for these wages in a timely manner as required under Minn. Stat. § 181.13 and/or § 181.145.

72.    Defendants wrongfully withheld Plaintiff's due and owing wages from him for a period in excess of fifteen (15) days after his written demand for the same.

73.    As a result of the foregoing, Plaintiff is entitled to all amounts unlawfully deducted, withheld, or otherwise not paid, statutory penalties for late payment of wages, and for his costs and attorneys' fees incurred in this matter.

## COUNT SIX

### AGE DISCRIMINATION

### (Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)

74.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

75.    Defendants' conduct, as alleged, is violative of Plaintiff's rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, 623(a), and 631, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.

76.    Under the ADEA, it is unlawful to discriminate against a person because of his age with respect to any terms, conditions, or privileges of employment, including benefits.

77.    At all relevant times hereto, Plaintiff was older than 40 years old and was thus a part of a protected age-based class.

78.    Plaintiff was qualified, at all times, to perform the work for Defendants that he was asked to perform.

79.    Defendants advised Plaintiff that the "employment agreement" was unenforceable and invalid, and eventually notified Plaintiff that Defendants would not adhere to the terms of the "employment agreement."

80.    This repudiation of the "employment agreement" constituted an adverse action against Plaintiff, whether the "employment agreement" was ever lawful or enforceable or not.

81.    Defendants' treatment of Plaintiff, including, without limitation, humiliating reprimands, threats of charging Plaintiff back-rent and prospective rent unless Plaintiff continued to work for Defendants, and other actions of Defendants also constitute adverse actions against Plaintiff.

82.    Defendants' intended that this repudiation of the "employment agreement" and other adverse actions would cause Plaintiff to resign.

83.    As a result of this adverse action against Plaintiff, Plaintiff resigned his position.

84.    Defendants intend or intended, upon Plaintiff's resignation, to hire a younger employee as a replacement for Plaintiff.

85.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be established at trial, other statutory and/or punitive damages, and for his costs and attorneys' fees incurred in this matter.

## COUNT SEVEN

## AGE DISCRIMINATION

### (Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq.)

86.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

87.    The Minnesota Human Rights Act, and specifically Minn. Stat. § 363A.08, prohibits employers from discriminating against employees on the basis of age with respect to termination or terms, conditions, or privileges of employment.

88.    Plaintiff is of advanced age and is thus a member of the age-based protected group which the Minnesota Human Rights Act seeks to protect.

89.    Plaintiff sought and was qualified for the workplace opportunities made available to him.

90.    Despite    Plaintiff's    qualifications,    Defendants    unlawfully    and discriminatorily withdrew workplace benefits previously made available to Plaintiff and others, including a path to eventual ownership, and paid housing and utilities, among other benefits.

91.    Defendants' discrimination against Plaintiff caused Plaintiff to resign his position.

92.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be established at trial, other statutory and/or punitive damages, and for his costs and attorneys' fees incurred in this matter.

14

## COUNT EIGHT

### UNJUST ENRICHMENT

93.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

94.     Plaintiff performed labor and other work, at Defendants' direction, under the belief that Defendants would offer commensurate compensation for said labor and work.

95.     Plaintiff fully performed all services, work, and labor expected of him, and conferred a benefit upon Defendants, including improvements to Defendants' land and business, and the growth of Defendants' business.

96.     Defendants knew, at all relevant times, that Plaintiff was performing services and work for their benefit.

97.     Defendants' retention of the benefits conferred upon them by Plaintiff without payment for the same would be inequitable under the circumstances.

98.     Given the Defendants' underlying conduct, it would be morally wrong for Defendants to retain the benefits conferred upon them by Plaintiff.

99.     Plaintiff is entitled to the reasonable value of the services rendered and the benefits conferred, in an amount in excess of $50,000.00 to be proven at trial.

## COUNT NINE

### FRAUD AND MISREPRESENTATION

100.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

101.   Defendants fraudulently misrepresented numerous material facts, past and present, to Plaintiff, knowing them to be false and intending Plaintiff to act upon them.

102.   Defendants' false representations include, but are not limited to, false statements as to the Defendants' plan to grant Plaintiff an ownership interest in Defendants' business, the enforceability or validity of Defendants' "employment agreement," including false statements about whether the "employment agreement" was ever valid or enforceable at all, and other false statements and misrepresentations.

103.   Defendants each knew or should have known, at the time of the said false misrepresentations, that the misrepresentations were false and that Plaintiff would be induced to act by them.

104.   Defendants each intended to induce Plaintiff to agree to perform work for Defendants under unlawful conditions.

105.   Based solely on Defendants' fraud, Plaintiff was induced to become an employee of Defendants, and was justified in doing so.

106.   As a result of Defendants' fraud and misrepresentations, Defendant suffered damages in excess of $50,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.   Judgment against Defendants finding that they failed to pay Plaintiff proper overtime wages;

2.   Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

3.   Judgment against Defendants for violating the FLSA and Minnesota law by failing to maintain accurate time records of all hours worked by Plaintiff;

4.   A finding that Defendants' violations of the FLSA and Minnesota law are willful;

5.   Judgment against Defendants in an amount equal to Plaintiff's damages, or judgment for trebled damages, as liquidated damages;

6.   An award of statutory and other damages available under Minn. Stat. § 181.01 et seq.;

7.   An award of costs and attorneys' fees incurred in prosecuting these claims;

8.   An award of prejudgment interest (to the extent liquidated damages are not awarded);

9.   All further relief as provided by statute or other law, and as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and applicable federal and local rules, Plaintiff hereby demands a trial by jury.

PEMBERTON LAW, P.L.L.P.

Date:  January 22, 2019                     By _____
                                            Ryan D. Fullerton, MN No. 0398363
                                            110 North Mill Street
                                            Fergus Falls, MN, 56537
                                            Telephone: 218-736-5493
                                            E-mail: r.fullerton@pemlaw.com
                                            **ATTORNEYS FOR PLAINTIFF**